IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KELVIN L. CARVANA,<br><br>    Plaintiff,<br><br>vs.<br><br>MFG FINANCIAL, INC., an Arizona Corporation, MARK F. GASSER, and NANCY D. GASSER,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:07-CV-00128DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Kelvin L. Carvana's Partial Motion for Summary Judgment. The court held a hearing on the motion on March 31, 2008. At the hearing, Eric Stephenson represented Carvana and David R. Hamilton represented Defendants MFG Financial, Inc. (MFG), Mark F. Gasser, and Nancy D. Gasser. Following the hearing, the court took the matter under advisement. Now, having carefully considered the memoranda and additional materials submitted by the parties, as well as the relevant law and facts relating to the motion, the court renders the following Memorandum Decision and Order.

## BACKGROUND

In 1998, G.E. Capital (G.E.) obtained judgment against Carvana in Utah district court for outstanding credit card debt (the Judgment). Carvana did not live in Utah at the time G.E.

commenced the action against him, and Carvana did not sign the contract giving rise to the Judgment in Utah. In December 2005, G.E. assigned the Judgment to MFG, and MFG filed a renewal of the Judgment in Utah small claims court (Small Claims Renewal Action). At the time MFG filed the Small Claims Renewal Action, Carvana did not reside in Utah. On May 3, 2006, the small claims court renewed the Judgment. In August 2006, Carvana filed a motion to vacate the Judgment, claiming improper venue and lack of subject matter jurisdiction. The Utah small claims court denied this motion, and Carvana appealed the denial of his Motion to Vacate to the Third Judicial District Court for the State of Utah.

The Utah district court granted Carvana's Motion to Vacate on grounds that the small claims court lacked subject matter jurisdiction because under Utah law, assignees, such as MFG, cannot pursue claims in small claims court. The Utah district court also noted that it was not convinced that Carvana had waived the issue of service of process in the small claims action.

On January 10, 2007, Defendants filed a renewal of judgment against Carvana in Utah district court (State Court Renewal Action). Carvana did not reside in Utah at the time MFG filed the State Court Renewal Action. Defendants have yet to serve Carvana in the State Renewal Action.

Following the Utah district court ruling granting Carvana's Motion to Vacate, Carvana moved for attorney fees. The state court denied Carvana's request. Carvana renewed this request, and, on January 23, 2007, the state court again denied the motion and awarded attorney fees against Carvana for filing a frivolous motion (Fee Award). On February 28, 2007, Carvana moved to vacate the Fee Award, arguing that the Utah district court lacked jurisdiction and venue was improper because the state court had previously determined that the small claims

court did not have jurisdiction. The Utah court denied Carvana's motion "on grounds that [the c]ourt lack[ed] jurisdiction to determine whether or not the judgment Carvana sought to vacate was void," stating that "Carvana's claim would be proper under [r]ule 65(b) of the Utah Rules of Civil Procedure (wrongful restraints on personal liberty)" (Denial of Motion to Vacate Fee Award).

On June 6, 2007, Carvana brought suit in this court, alleging, among other things, that Defendants violated the Fair Debt Collection Practices Act (FDCPA). *See* 15 U.S.C. §§ 1692–1692o (1998). Carvana now moves for partial summary judgment on his claim that Defendants violated the FDCPA venue provision in bringing their Small Claims Renewal Action and their State Court Renewal Action in Salt Lake County, Utah. *See id*. § 1692i.

## DISCUSSION

Carvana moves for partial summary judgment on his claim that Defendants violated the FDCPA venue provision. Specifically, Carvana argues that both the Small Claims Renewal Action and the State Court Renewal Action violated the FDCPA's venue provision because Carvana did not sign the contract underlying the renewal judgments in Utah and did not reside in Utah at the time Defendants filed the renewal actions. In response, Defendants do not dispute that Carvana did not sign the underlying contract in Utah. Nor do they dispute that Carvana did not live in Utah at the time Defendants filed the renewal actions. Instead, Defendants assert that Carvana's Motion for Partial Summary Judgment is improper on grounds of res judicata, collateral estoppel, the *Rooker-Feldman* doctrine, and failure to allege a compulsory counterclaim. Defendants also contend that partial summary judgment is inappropriate because a

genuine issue of material fact exists as to whether the bona fide error defense shields Defendants from liability and as to whether the FDCPA applies in this case.

The United States Supreme Court has emphasized that summary judgment is an important procedural mechanism designed to "secure the just, speedy[,] and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Under Federal Rule of Civil Procedure 56(c), "[s]ummary judgment is appropriate only if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008) (alteration in original) (quoting Fed. R. Civ. P. 56(c)). In moving for summary judgment, the moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). "If the movant carries this initial burden, the burden shifts to the nonmovant 'to go beyond the pleadings and set forth specific facts, identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein,' from which a rational trier of fact could find for the nonmovant." *Id.* (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000)). In reviewing a motion for summary judgment, the court "construe[s] the record in the light most favorable to the nonmoving party." *Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1259 (10th Cir. 2008).

The FDCPA, enacted by Congress to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), limits the venues in which debt collectors may bring legal actions against consumers, *see id.* § 1692i. Specifically, the FDCPA venue provision states that

> [a]ny debt collector who brings any legal action on a debt against

4

> any consumer shall . . . in [a case not enforcing real property interest securing a consumer's obligation] . . . bring such action only in the judicial district or similar legal entity—
>
> (A) in which such consumer signed the contract sued upon; or
>
> (B) in which such consumer resides at the commencement of the action.

*Id*. § 1692i(2)(A)-(B).

The parties do not dispute that MFG constitutes a debt collector under the FDCPA. Nor do the parties dispute that Carvana has never resided in Utah and did not sign the contract giving rise to the initial or renewal judgments in Utah. Instead, Defendants assert that summary judgment is improper under the FDCPA venue provision because of res judicata, collateral estoppel, the *Rooker-Feldman* doctrine, and failure to allege a compulsory counterclaim. Defendants also contend that a genuine issue of material fact exists as to whether the bona fide error defense shields Defendants from liability and as to whether the FDCPA venue provision applies in this case.

### I. *Rooker-Feldman* Doctrine

Defendants maintain that the *Rooker-Feldman* doctrine precludes this court from granting summary judgment on Carvana's FDCPA venue provision violation claim. Specifically, Defendants assert that Carvana's venue provision violation claim is simply an attempt by Carvana to relitigate an issue previously decided by the Utah district court. Because operation of the *Rooker-Feldman* doctrine would divest this court of its jurisdiction and render any additional analysis unnecessary, the court first addresses the doctrine's applicability to the instant case. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006).

Although in the past, courts have broadly applied the *Rooker-Feldman* doctrine, the United States Supreme Court recently narrowed the scope of the doctrine. *See Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006). In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), the Court held that "[w]hen there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Id.* at 292. Instead, "[t]he *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284; *see also Lance*, 546 U.S. at 464 (stating that *Rooker-Feldman* is a "narrow doctrine"). In contrast, in those cases where, "a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Exxon Mobil*, 544 U.S. at 293.

Accordingly, in light of the *Exxon Mobil* ruling, the *Rooker-Feldman* doctrine "applies only to suits filed after state proceedings are final." *Guttman*, 446 F.3d at 1032. The Tenth Circuit has noted several situations, set forth by the First Circuit,

> where a judgment would be considered final for *Rooker-Feldman* purposes: (1) "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved"; (2) "if the state action has reached a point where neither party seeks further action"; (3) "if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated."

*Id.* at 1032 n.2 (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005)); *see also Bear v. Patton*, 451 F.3d 639,

6

642 (10th Cir. 2006) (noting *Guttman* court's approval for First Circuit's pronouncement of situations constituting final judgments under *Rooker-Feldman* doctrine).

Here, the parties' statements of undisputed facts indicate that the State Court Renewal Action is still pending. In fact, Defendants have yet to serve Carvana in this renewal action.

Because the state proceedings are not final, the *Rooker-Feldman* doctrine is inapplicable. *Guttman*, 446 F.3d at 1032. And even if the state proceedings are final for purposes of the *Rooker-Feldman* doctrine, the court still concludes that the doctrine is inoperable because the injury alleged by Carvana in his FDCPA venue provision violation claim did not arise from the state court judgment, but instead arose from the practices Defendants employed in collecting the underlying debt. Simply put, Carvana's FDCPA venue provision violation claim issues no invitation to this court to overturn prior state court judgments. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1143- 44 (10th Cir. 2006) (describing the cases giving rise to *Rooker-Feldman* doctrine as sharing the same characteristic: "loser in state court invites federal district court to overturn state-court judgments").

This holding is accordant with other court rulings issued after the *Exxon Mobil* decision, in which courts have determined that the *Rooker-Feldman* doctrine does not apply to cases in which "creditors (or debt collectors) obtain a judgment in state court but have their collection practices challenged in federal court under the FDCPA." *McCammon v. Bibler, Newman & Reynolds, P.A.*, 493 F. Supp. 2d 1166, 1170-71 (D. Kan. 2007) (citing five federal court cases). For example, in *Todd v. Weltman, Weinberg & Reis Co., LPA*, 434 F.3d 432 (6th Cir. 2002), the Sixth Circuit Court of Appeals held that the *Rooker-Feldman* doctrine was inapplicable because the plaintiff "[did] not complain of injuries caused by th[e] state court judgment" and the

7

plaintiff's FDCPA claim was "an independent federal claim," asserting injury arising from the defendant's debt collection practices. *Id*. at 437. Similarly, in *McCammon v. Bibler, Newman & Reynolds*, a federal district court concluded that the *Rooker-Feldman* doctrine did not bar the plaintiff's claims under the FDCPA because the plaintiff's FDCPA claim was a "challeng[e] to the debt collection practices [the defendant] utilized in obtaining the default judgment and not the validity of the default judgment itself." 493 F. Supp. 2d at 1171; *see also Senftle v. Landau*, 390 F. Supp. 2d 463, 469-70 (D. Md. 2005) (same).

Because the *Rooker-Feldman* doctrine does not divest the court of its jurisdiction in this case, the court next considers Defendants' contention that summary judgment is improper on the basis of preclusion. *See Exxon Mobil*, 544 U.S. at 293 ("If a federal plaintiff presents some independent claim, albeit one that denies a denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.").

## II. Preclusive Effect of State Court Proceedings

Defendants argue that the doctrine of res judicata bars Carvana's FDCPA venue provision violation claim. Specifically, Defendants contend that res judicata applies because the parties in the various state proceedings and the instant case are identical; Carvana alleged improper venue in the prior state proceedings; and, in its Denial of Motion to Vacate Fee Award, the Utah district court rendered a final judgment on the issue of improper venue. The court disagrees.

In determining the res judicata effect of the Utah court action, the court applies Utah law.

*See Reed v. McKune*, 298 F.3d 946, 949 (10th Cir. 2002) ("In determining whether a state court judgment precludes a subsequent action in federal court, [the court] must afford the state judgment full faith and credit, giving it the same preclusive effect as would the courts of the state issuing the judgment." (quotations and citation omitted)); *see also Exxon Mobil*, 544 U.S. at 293; *Allen v. McCurry*, 449 U.S. 90, 104 (1980). Under Utah law, the term res judicata encompasses both issue and claim preclusion. *See Brigham Young Univ. v. Tremco Consultants, Inc.*, 2005 UT 19, ¶ 25, 110 P.3d 678. Although "both branches of res judicata 'serve[] the important policy of preventing previously litigated issues from being relitgated,' different rules govern each branch." *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 19, 16 P.3d 1214 (quoting *Salt Lake City v. Silver Fork Pipeline Corp.*, 913 P.2d 731, 733 (Utah 1995)). "In general terms, claim preclusion bars a party from prosecuting in a subsequent action a claim that has been fully litigated previously." *Id.* at ¶ 26 (quotations and citation omitted). "In contrast, issue preclusion, also referred to as collateral estoppel, prevents parties or their privies from relitigating issues which were once adjudicated on the merits and have resulted in a final judgment." *Id.* at ¶ 27 (quotations and citation omitted).

"For claim preclusion to apply, three requirements must be met: (1) [t]he subsequent action must involve the same parties, their privies, or their assigns as the first action, (2) the claim to be barred must have been brought or have been available in the first action, and (3) the first action must have produced a final judgment on the merits of the claim." *Id.* at ¶ 26 (quotations and citation omitted). For issue preclusion to apply, four elements must be satisfied:

> (1) [t]he party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (2) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (3) the issue in the first

>action must have been completely, fully, and fairly litigated; and (4) the first suit must have resulted in a final judgment on the merits.

*Id*. at ¶ 27 (quotations and citation omitted).

The court concludes that despite Defendants' contentions, res judicata is inapplicable because several requisite elements of claim and issue preclusion are absent in this case. To begin, there is no identity between the causes of action between the state and federal proceedings. To determine whether there is an identity between causes of action, Utah courts have "focused on whether '[t]he two causes of action rest on a different state of facts and evidence of a different kind or character necessary to sustain the two causes of action.'" *Id*. at ¶ 28 (citation omitted). Under this approach, "even if a plaintiff is aware of the factual basis of a suit at the filing of another suit, he or she is not obligated to bring all claims together if there is no identity of facts and evidence between the two claims." *Id*. Applying this approach to the instant case, the court determines that no such identity exists. Defendants' state proceedings, arising from Carvana's outstanding debt, rest on a different set of facts and require different evidence than Carvana's federal action as to Defendants' unlawful collection of that debt. In *Whitaker v. Ameritech Corp.*, 129 F.3d 952 (7th Cir. 1997), the Seventh Circuit, employing Illinois res judicata law, reached a similar result. In *Whitaker*, the court concluded under the "same evidence" approach that the evidence used to support the debt collector's claim for money owed would not also support the debtor's FDCPA claim of abusive debt collection practices, noting in that case that while "[e]vidence pointing to money owed [to telephone service provider] would include monthly calling statements, . . . computer records, or other evidence of the calls made . . . [e]vidence showing abusive debt collection practices would be records of

10

[phone company's] telephone calls or other communication or correspondence with [the debtor], her family, and employer." *Id*.

Additionally, the Utah district court, in rendering its Denial of Motion to Vacate Fee Award ruling, explicitly indicated that it was making no final adjudication or judgment as to the merits of Carvana's improper venue claim. Although Carvana does argue in his Petition to Vacate that improper venue precludes the Fee Award, the district court's ruling states that the court, lacking jurisdiction, "makes no comment or judgment whatsoever on whether or not the [Fee Award] judgment Carvana sought to vacate is void." Furthermore, even if the Utah district court had not explicitly refused to reach the merits of Carvana's claims, the res judicata effect of its ruling of no jurisdiction extends only to those issues decided in reaching the jurisdictional decision. *See* Utah R. Civ. P. 41(b) (stating that a dismissal for lack of jurisdiction does not operate as an adjudication on the merits); *see also Bailey v. Deseret Fed. Sav. & Loan Ass'n*, 701 P.2d 803, 804 (Utah 1985) (noting that a dismissal for lack of jurisdiction is not a judgment on the merits "that could serve as the basis for res judicata"). In short, there is simply no evidence to support Defendants' assertion that the Utah district court reached, much less resolved, Carvana's FDCPA venue provision claim.

Defendants also assert that Carvana's FDCPA venue provision violation claim constitutes a compulsory counterclaim and Carvana's failure to assert the FDCPA claim in the renewal actions bars its averment here. Utah Rule of Civil Procedure 13 states that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Utah R. Civ. P. 13(a). Rule 13 is "substantially

similar" to Federal Rule of Civil Procedure 13. *Id.* Compiler's Notes. Because "[Utah] courts look to federal cases for guidance in applying the rule, . . . we may do likewise." *Fox v. Maulding*, 112 F.3d 453, 457 (10th Cir. 1997) (looking to federal rule 13 for guidance in applying similar Oklahoma compulsory counterclaim rule); *see also 438 Main Street v. Easy Heat, Inc.*, 2004 UT 72, ¶ 64, 99 P.3d 801 ("Since the Utah Rules of Civil Procedure were fashioned after the Federal Rules of Civil Procedure, we may look to decisions under the federal rules for guidance.").

"The courts have given the terms 'transaction' and 'occurrence' . . . flexible and realistic constructions in order to effect 'judicial economy[.']" *Fox*, 112 F.3d at 457 (additional quotations and citation omitted). Instead of defining the two terms precisely,

> "most courts . . . have preferred to suggest standards by which the compulsory or permissive nature of specific counterclaims may be determined: (1) Are the issues of fact and law raised by the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on defendants' claim absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute plaintiffs' claims as well as defendants' counterclaim? and (4) Is there a logical relation between the claim and the counterclaim?"

*Id*. (quoting *Pipeliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974)).

Applying these factors, the court determines that Carvana's FDCPA venue provision claim did not constitute a compulsory counterclaim in the renewal proceedings. As previously determined, res judicata does not bar Carvana's FDCPA claim and Carvana's claim does not necessarily require the same evidence, facts, or law as the Defendants' renewal actions. This determination is congruent with other court decisions. *See, e.g.*, *Peterson v. United Accounts,*

*Inc.*, 638 F.2d 1134, 1136-37 (8th Cir. 1981); *Hart v. Clayton-Parker & Assocs., Inc.*, 869 F. Supp. 774, 777 (D. Ariz. 1994) (enumerating a number of cases and declaring that "every published decision directly addressing the issue . . . has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are *not* compulsory counterclaims").

Moreover, as Carvana correctly points out, Utah Code section 78-6-1 indicates that any counterclaims in small claims actions are permissive. *See* Utah Code Ann. § 78-6-1(3) (Supp. 2007) (stating that "[c]ounter[c]laims *may* be maintained in small claims actions" (emphasis added)); *Faux v. Mickelsen*, 725 P.2d 1372, 1375 (Utah 1986) ("Within the limited jurisdiction of the small claims court, a defendant is not compelled to bring a counterclaim though it may arise from the same transaction or occurrence as the subject matter sued on."). And, as also noted by Carvana, Defendants' failure to serve Carvana in the State Renewal Action renders their compulsory counterclaim argument as to that action inapposite.

### III.  Bona Fide Error Defense

Defendants next aver that summary judgment is improper on Carvana's FDCPA venue provision violation claim because a genuine issue of material fact exists as to whether the bona fide error defense shields Defendants from liability.  The bona fide error defense is an affirmative defense, directly deriding from the FDCPA. *See* 15 U.S.C. § 1692k(c). The defense provides that

> A debt collector may not be held liable in any action brought under this subchapter if the debt collection shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

*Id.*

"An FDCPA defendant seeking the protection of the bona fide error defense carries the burden of proving the violation was 1) unintentional, 2) a bona fide error, and 3) made despite the maintenance of procedures reasonably adapted to avoid the error." *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006). The Tenth Circuit has explained that "a violation is unintentional . . . if the debt collector can establish the lack of specific intent to violate the act." *Id.* at 728. This is a subjective test and "subjective intent can often only be shown by inferential evidence." *Id.* And "the extent to which [an FDCPA] defendant should have objectively realized that [his or her] actions were in violation of law may be inferentially probative of the subjective intentional nature of that violation." *Id.* Accordingly, the court looks to the second and third elements of the bona fide error defense, described as the "[o]bjective prongs," as inferential evidence of intent. *Id.* at 729. The procedures element "involves a two-step inquiry: first, whether the debt collector 'maintained'—i.e., actually employed or implemented—procedures to avoid errors; and second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue." *Id.*

Here, Defendants fail to carry their burden, neglecting to show a genuine issue of material fact exists as to the elements of the bona fide error defense. The only support that Defendants provide for invocation of the defense is the blanket statement that "MFG maintained written rules and procedures which were reasonably adapted to avoid violation of the FDCPA." Not only does this conclusory statement fail to reveal what the alleged procedures were, it neglects to show that the procedures were "actually employed or implemented" and "were reasonably adapted to avoid the specific error issue." *Id.* (quotations omitted). Additionally, this

14

blanket statement fails to support, let alone discuss or analyze, the other two requisite elements of the bona fide error defense. *See id*. at 727-28. Finally, these specific inadequacies are compounded by Defendants' inattention to the well established rule that "[c]onclusory allegations . . . do not establish an issue of fact under [r]ule 56(c)." *Baker v. Penn Mut. Life Ins. Co.*, 788 F.2d 650, 653 (10th Cir. 1986). This rule reflects the distinction between a motion to dismiss and a motion for summary judgment. *See Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 557 (10th Cir. 2001). "The purpose of a summary judgment motion, unlike that of a motion to dismiss, is to determine whether there is evidence to support a party's factual claims." *Id*. "Unsupported conclusory allegations thus do not create a genuine issue of fact." *Id*. As earlier emphasized, "[t]o withstand summary judgment, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Id*. at 558 (quotations and citations omitted).

### IV.  Applicability of FDCPA Venue Provision

Lastly, Defendants ask this court to deny summary judgment on Carvana's FDCPA venue provision claim because a genuine issue of material fact exists as to whether the FDCPA venue provision applies to post-judgment collection efforts and as to whether Utah's long-arm statute applies to Carvana. The court concludes that even if underlying issues of fact exist as to these contentions, such issues are immaterial because Defendants' arguments fail as a matter of law. *See Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) ("A fact is 'material' if under the substantive law it could have an effect on the outcome of the lawsuit.").

First, Defendants argue that a genuine issue of material fact exists as to whether the

FDCPA venue provision applies to post-judgment efforts. Defendants, however, provide no authoritative support for this contention, and their argument is contrary to the plain language of the FDCPA. The FDCPA venue provision states that it applies to "[*a*]*ny debt collector* who brings *any legal action on a debt* against any consumer." 15 U.S.C. § 1692i(a) (emphasis added). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money . . . *whether or not such obligation has been reduced to judgment*." *Id*. § 1692a(5) (emphasis added).

Second, Defendants claim that a genuine issue of material fact exists as to whether Utah's long-arm statute applies to Carvana. Defendants base this contention on the assumption that Utah's long-arm statute preempts the FDCPA venue provision. This assumption, however, is erroneous because it ignores the distinction between venue and jurisdiction. Utah's long-arm statute governs jurisdiction over nonresidents. *See* Utah Code Ann. § 78-27-24 (2002). Jurisdiction and venue are distinguishable concepts. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1052 n.13 (10th Cir. 2006) (discussing the distinction between jurisdiction and venue and the implications of that distinction). While jurisdiction refers to "the court's power to adjudicate," venue refers to "the place where that authority may be exercised." *Id*. Defendants therefore err in assuming that a court's ability to assert jurisdiction over a case and its parties renders the question of proper venue irrelevant. *See id*. (noting that an action cannot be heard in a district where venue is improper, and objected to, "even though the court may have jurisdiction over the subject matter and over the defendants"). Furthermore, even if jurisdiction and venue were interchangeable concepts, any suggestion that a state statute preempts the FDCPA contradicts the plain language of the FDCPA. Specifically, section 1692n

provides that the FDCPA "does not annul, alter, or affect, or exempt any person . . . from complying with the laws of any [s]tate with respect to debt collection practices, *except to the extent that those laws are inconsistent with any provision of this subchapter*."  15 U.S.C. § 1692n (emphasis added).[1]

## CONCLUSION

Carvana's Motion for Partial Summary Judgment is GRANTED.[2]

DATED this 3rd day of April, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[1] Carvana further notes that even if the Utah long-arm statute preempts the FDCPA, Defendants have yet to serve Carvana in the State Renewal Action, rendering the long-arm statute immaterial.

[2] In his Memorandum in Support of his Motion for Partial Summary Judgment, Carvana "reserves the determination of damages as requested in the Amended Complaint for trial by jury."