## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **KELVIN L. CARVANA,** | |
| **Plaintiff,** | **ORDER** |
| **vs.** | |
| | **Case No. 2:07-CV-00128DAK** |
| **MFG FINANCIAL, INC., an Arizona Corporation, MARK F. GASSER, and NANCY D. GASSER,** | **Judge Dale A. Kimball** |
| **Defendants.** | |

This matter is before the court on Defendants MFG Financial, Inc. (MFG), Mark F. Gasser, and Nancy D. Gassers' Motion for Reconsideration of the court's April 3, 2008 Memorandum Decision and Order granting Plaintiff Kelvin L. Carvana's Motion for Partial Summary Judgment (Partial Summary Judgment Order) on the issue of whether Defendants violated the venue provision of the Federal Debt Collection Practices Act (FDCPA). Carvana filed a memorandum in opposition to Defendants' Motion for Reconsideration. Briefing on the motion is now complete, and the court has determined that a hearing would not significantly aid the decisional process. Having fully considered the memoranda submitted by the parties, and the law and facts relevant to Defendants' motion, the court issues the following Order.

1

**DISCUSSION**

Defendants move pursuant to Federal Rule of Civil Procedure 59(e) to amend the Partial

Summary Judgment Order.  *See* Fed. R. Civ. P. 59(e).  The Partial Summary Judgment Order,

however, was not a final judgment, and therefore this court considers Defendants' Motion for

Reconsideration as "an interlocutory motion invoking the district court's general discretionary

authority to review and revise interlocutory rulings prior to entry of final judgment."  *Fye v.*

*Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008).

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however

designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

the parties does not end the action as to any of the claims or parties and may be revised at any

time before the entry of a judgment adjudicating all the claims and all the parties' rights and

liabilities." Fed. R. Civ. P. 54(b).  Although the decision to revise an interlocutory order falls

within the court's discretion, *see Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir.

1988), "'once a court decides an issue it [generally] . . . may not be relitigated in subsequent

proceedings in the same case.'"  *Wessel v. City of Albuquerque*, 463 F.3d 1138, 1143 (10th Cir.

2006) (quoting *Grigsby v. Barnhart*, 294 F.3d 1215, 1218 (10th Cir. 2002)).  The law of the case

doctrine is a rule "of expedition, designed to bring about a quick resolution of disputes by

preventing continued reargument of issues already decided."  *Major v. Benton*, 647 F.2d 110,

112 (10th Cir. 1981); *see also Official Comm. of the Unsecured Creditors of Color Tile, Inc. v.*

*Coopers & Lybrand*, 322 F.3d 147, 167 (2d Cir. 2003) ("The district court's discretion to

reconsider a non-final ruling is, . . . limited by the law of the case doctrine and subject to the

caveat that where litigants have once battled for the court's decision, they should neither be

required, nor without good reason permitted, to battle for it again.").

The law of the case doctrine provides that "[w]hen a court enunciates a rule of law in the course of a given case, . . . the court [must] adhere to the rule throughout the proceedings." *Major*, 647 F.2d at 112. The doctrine is not, however, "an inexorable command," and the court should apply it with "good sense." *Id*. (quotations omitted). "Accordingly, the doctrine is subject to three exceptions:  '(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice.'" *Wessel*, 463 F.3d at 1143 (quoting *Grigsby*, 294 F.3d at 1219 n.4). The Tenth Circuit has "read 'these exceptions narrowly, requiring district courts to apply the law of the case unless one of the exceptions specifically and unquestionably applies.'" *Id*. (quoting *United States v. Monsisvais*, 946 F.2d 114, 117 (10th Cir.1991)). Thus, only in very rare circumstances is a motion for reconsideration an opportunity "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *GFF Corp. v. Ass'n Wholesale Grocers, Inc.*, 130 F.3d 1381, 1387 (10th Cir. 1997) (noting that it is typically inappropriate to assert new legal theories in a motion for reconsideration).

Here, Defendants move for reconsideration on grounds that the court misapprehended their position regarding whether individual Defendants Nancy and Mark Gasser are debt collectors under the FDCPA. Defendants contend that they have consistently denied throughout the litigation that individual Defendants Nancy and Mark Gasser are debt collectors under the FDCPA, and they argue that partial summary judgment against the Gassers was improper

3

because Carvana failed to allege in his Complaint any allegations that support piercing the corporate veil and holding the Gassers personally liable.  Carvana contends that Defendants' Motion for Reconsideration should be denied because Carvana has consistently alleged, both in his pleadings and in his Motion for Partial Summary Judgment, that *all* Defendants committed FDCPA venue violations, and Defendants failed, despite ample opportunity, to raise the personal liability theory earlier in the litigation.  Carvana notes the incongruity of Defendants opposing summary judgment without mentioning their contention that the FDCPA, the statute on which Carvana bases his motion for summary judgment, does not apply to two of the three Defendants.

The court agrees with Carvana that Defendants could have and should have raised this legal theory in opposition to Carvana's Motion for Partial Summary Judgment.  Defendants offer no explanation for this failure, and the court cautions that it does not view motions for reconsideration as opportunities for parties to assert earlier overlooked or neglected legal arguments.  Allowing such opportunities is unfair to diligent and perspicacious counsel acting in good faith and defeats judicial efficiency and expediency.

Additionally, the court disagrees with Defendants' contention that as president and vice president of MFG, Mark and Nancy Gasser cannot be held personally liable under the FDCPA unless the court pierces the corporate veil.  Under the FDCPA, a debt collector is  "*any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.*"  15 U.S.C. § 1692a(6) (emphasis added).  Although the Seventh Circuit Court of Appeals has held otherwise, the courts in this district have ruled that individuals who satisfy this statutory definition can be

4

held personally liable under the FDCPA without piercing the corporate veil. *See Ditty v. CheckRite, Ltd., Inc.*, 973 F.Supp.1320, 1336 (D. Utah 1997); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615, 617-22 (D. Utah 2005) (noting that the Seventh Circuit Court of Appeals has reached a decision contrary to Judge Tena Campbell in *Ditty*, but deciding, after thoroughly reviewing both sides, that the holding in *Ditty* best reflects Congress's intention in adopting the FDCPA). A number of other courts share this district's view that the corporate form does not protect officers, directors, or shareholders from individual liability under the FDCPA. *See, e.g.*, *Kistner v. Law Offices of Michael v. Margelefsky*, L.L.C., 518 F.3d 433, 437-38 (6th Cir. 2008) (holding that "individual liability for violations of the FDCPA will require proof that the individual is a debt collector, but [will] not require piercing of the corporate veil"); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D. Cal. 2006); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999).

Nonetheless, after reviewing Carvana's Complaint, the court concludes that Carvana does not sufficiently allege that Mark and Nancy Gassers' own conduct, and not simply MFG's, violated the FDCPA. Nor does Carvana specifically allege that Mark and Nancy Gasser materially participated in MFG's debt collection activities.

Thus, to avoid manifest injustice, the court vacates its Partial Summary Judgment Order as to individual Defendants Mark and Nancy Gasser. The court also grants Carvana leave to amend his Complaint to allege, if he so desires, facts specific to the Gassers' own conduct regarding FDCPA violations, including the venue provision. Importantly, this ruling does not vacate the Partial Summary Order as to MFG.

5

**CONCLUSION**

This court's prior Partial Summary Judgment Order is VACATED as to individual Defendants Mark and Nancy Gasser.  The court's Partial Summary Judgment Order still stands as to Defendant MFG.  The court also GRANTS Carvana leave to amend his Complaint, if he so desires.  Carvana shall file any such amendment by July 7, 2008.

DATED this 17th day of June, 2008.

BY THE COURT:

DALE A. KIMBALL
United States District Judge