**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **KELVIN L. CARVANA,** | |
| **Plaintiff,** | **ORDER** |
| **vs.** | |
| **MFG FINANCIAL, INC., an Arizona Corporation, MARK F. GASSER, and NANCY D. GASSER,** | **Case No. 2:07-CV-00128DAK** |
| | **Judge Dale A. Kimball** |
| **Defendants.** | |

Defendants MFG Financial, Inc. (MFG), Mark F. Gasser, and Nancy D. Gasser move to dismiss, or in the alternative, to strike Plaintiff Kelvin L. Carvana's Second Amended Complaint.  Upon review of the completed briefing, the court determined that oral argument would not aid the decisional process.   Now, having carefully considered the memoranda and additional materials submitted by the parties, as well as the relevant law and facts relating to the motion, the court renders the following Order.

Defendants move to dismiss Carvana's Second Amended Complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2).  *See* Fed. R. Civ. P. 8(a)(2).  Defendants argue that dismissal is appropriate under rule 8(a)(2) because the Second Amended Complaint is excessive, redundant, and so voluminous that it is nearly impossible for Defendants to properly respond. Defendants also suggest that Carvana's primary intent in filing such a pleading is to harass and

1

oppress Defendants.

Under rule 8(a)(2), "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Designed to eliminate "prolixity . . . and to achieve brevity, simplicity, and clarity," *Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952), rule 8(a)(2) requires a complaint to "simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 512 (2002) (quotations and citation omitted). Dismissals under rule 8 are "generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Black v. UNUMProvident Corp.*, 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see also Williamson v. Owners Resort & Exchange*, 90 Fed. Appx. 342, 345 (10th Cir. 2004); *Burbank v. United States District Court*, No. 2:04CV00742JEC, 2007 WL 321398, at *1 (D. Utah Jan. 30, 2007).

Upon review of Carvana's Second Amended Complaint, the court concludes that dismissal is inappropriate under rule 8(a)(2). The pleading, albeit lengthy and notably redundant in parts, provides Defendants with intelligible and fair notice of Carvana's claims and the basis for those claims.[1] *See Sorema*, 534 U.S. at 512.

The court also declines to strike Carvana's Second Amended Complaint. Under rule 12(f), a court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike under . . . [rule] 12(f) are viewed with disfavor

---

[1] The court, however, does caution against pleadings that are unnecessarily long and redundant because such pleadings can needlessly complicate the facts and the issues and excessively burden both the opposing party and the court.

and are infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)

(quotations and citation omitted).  Generally, to succeed on a motion to strike under rule 12(f),

the moving party must demonstrate that the challenged allegations are entirely unrelated to the

controversy and are prejudicial.  *See Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D.

Kan. 1998); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §

1380.  Here, Defendants have not sufficiently demonstrated that Carvana's pleading is one

necessitating the court's employment of such "a drastic remedy" as a motion to strike.  5A

*Federal Practice and Procedure* § 1380.


## CONCLUSION

The court DENIES Defendants' Motion to Dismiss, or in the alternative, to Strike.

DATED this 18th day of September, 2008.

BY THE COURT:


DALE A. KIMBALL
United States District Judge

3